No. ——

First Circuit Appeal

## STATE EX REL. SAM P. WETHERILL, REGISTRAR OF VOTERS, v. POLICE JURY OF CALCASIEU

(May 5, 1925, Opinion and Decree.)

(Syllabus by the Editor.)

1. **Louisiana Digest—Parishes—Par. 23; Laws—Par. 78, 79.**

Under Section 19 of Act 122 of 1921, as amended by Act 60 of 1922, and Act 213 of 1924, unless the police jury of a parish has agreed to pay one-half the compensation of a deputy registrar of voters, the registrar shall not appoint a deputy, or if he appoints one, the deputy will get no salary. This is the correct construction of this act even though another provision states that the police jury shall appropriate as one of the expenses of the parish, the compensation of said registrar and deputy registrar.

Appeal from the Parish of Calcasieu, Hon. Jerry Cline, Judge.

This is a mandamus to compel the police jury to appropriate in its annual budget, one-half the salary of a deputy registrar of voters in the Parish of Calcasieu.

There was judgment maintaining an exception no cause of action.

Plaintiff appealed. Judgment affirmed.

Griffin T. Hawkins, of Lake Charles, attorney for plaintiff, appellant.

John J. Robira, of Lake Charles, attorney for defendant, appellee.

LECHE, J. This appeal is from a judgment maintaining exception of no cause of action.

Relator sues to compel the police jury of the Parish of Calcasieu, to appropriate in its budget for 1925, the sum of $450.00 to pay one-half of the salary of a deputy registrar of voters for that parish.

Section 19 of Act 122 of 1921, as amended by Act 60 of 1922, was again amended and re-enacted in 1924, by Act 213, page 390, and the pertinent parts of that section, read as follows:

"That the Registrar of Voters of each Parish in this State * * * shall be compensated per annum as follows: * * * Calcasieu: fourteen hundred dollars each. * * * One deputy registrar in each of the following parishes. * * * Calcasieu, nine hundred dollars each. Provided that the registrar of voters in said parishes shall not appoint a deputy registrar, as herein authorized and provided, until the police jury of said parish has agreed to pay its portion of the salary of said deputy registrar. One-half of the compensation to be paid each registrar of voters and deputy registrar, as above set out, shall be paid by the State of Louisiana and one-half by the parish of the registrar, * * * ."

The police jury of the Parish of Calcasieu has not agreed to pay one-half the compensation of a deputy registrar of voters.

The trial judge's ruling is based upon the apparently unambiguous provision of the act that the registrar shall not appoint a deputy until the police jury has agreed to pay its portion of the salary of such deputy.

In this court relator complains that the district court has ignored another provision of the same section of the act, and in the last paragraph thereof, reading: "and it is hereby made the duty of the several police juries throughout the state * * * to appropriate in their annual budgets, as one of the expenses of the parish, the compensation of said registrars and deputy registrars * * * ". This last provision must logically be construed in connection with the prior one, and such appropriation for compensation of deputy registrars is conditional upon the previous agreement on the part of the police jury, to pay such compensation.

Relator also suggests in argument that the clause, requiring the police jury to agree to pay half of the compensation of deputy registrars, was intended to take care only of that period between the date the act was adopted, and the going into effect of the budget to be adopted by the police jury for the following calendar year. If the law-maker so intended that clause, it should have so declared. We do not believe that the court would be justified in attaching to the statute a stipulation, which it does not contain and which is not necessary for its construction or enforcement.

We believe the judgment appealed from is correct and should be affirmed, and

It is so ordered.